IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID SHINN<br><br>        Plaintiff,<br><br>    vs.<br><br>EWM ENTERPRISES, LP.<br>President: Ernest W. Moody, *et al.*<br><br>        Defendants. | CIVIL NO. 14-00208 DKW-KSC<br><br>**ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS** |

**ORDER DISMISSING COMPLAINT AND
DENYING AS MOOT PLAINTIFF'S APPLICATION
TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**

**INTRODUCTION**

On May 1, 2014, Plaintiff pro se David Shinn filed a complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Plaintiff's complaint asserts claims against EWM Enterprises, LP and EWM Investments, LLC (collectively "EWM"), several attorneys and the law firm Carlsmith Ball, LLP ("Carlsmith Defendants"), C. Brewer and Co., Mauna Kea Agribusiness Co., Hutchison Sugar Plantation Co., Hawaii Pacific Brokers, LLC, and several individuals associated with these entities. Although the complaint is

1

not entirely clear, Plaintiff appears to allege claims arising under state law and relating to real property on the Island of Hawai'i. Because the Court does not have subject matter jurisdiction over Plaintiff's claims as currently alleged, the Court DISMISSES Plaintiff's complaint with leave to amend, and DENIES Plaintiff's Application as moot. Plaintiff is GRANTED until **June 6, 2014** to file an amended complaint.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e), the Court subjects every *in forma pauperis* proceeding to mandatory screening and orders the dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim).

Plaintiff is proceeding pro se, and, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").

## **DISCUSSION**

Upon review of the complaint and documents attached thereto, the Court finds that Plaintiff fails to establish this Court's subject matter jurisdiction to

hear this dispute. Plaintiff states that he seeks "adjudication regarding white collar claim submitted to a non-responsive Circuit Court of the Third Circuit of the State of Hawaii." Complaint at 1. Plaintiff alleges that EWM, represented by the Carlsmith Defendants, "is in possession, 'white collar claim'. . . and [has] no right title or interest in and to the property, defendant's claim of absolute and exclusive title is misplaced and improper." *Id.* The property is identified as TMK No. (3) 9-5-008-001 (POR) Naalehu Ranch, 95-1178 Kaalualu Rd, Naalehu, Hawaii 96722. *Id.* at 2. Plaintiff contests that EWM is the lawful owner of the property, and appears to challenge a final judgment to that effect issued in state court proceeding Civil No. 08-1-0426 ("state court case"). Plaintiff claims that he has rights in the "subject property for [the] purpose of organic evolution farming, and for use for cultural and religious purposes, which rights and entitlements have been continually sustained by the Supreme Court of the United States via the royal patent 6882 HELU 9971." *Id.* at 3. Plaintiff seeks an order "declaring that Defendant[] has no right, title or interest in and to the property," ejectment, removal of fencing and signage around the property, and an order requiring Defendants and two state Circuit Court judges "to appear for trial or other deliberations on this matter." *Id.* at 3-4.

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity

jurisdiction pursuant to 28 U.S.C. § 1332. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). A plaintiff properly invokes federal question jurisdiction by pleading a "colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682 (1946). Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, it is not apparent from the face of the complaint or the attached documents that this Court has subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 or § 1332. On the contrary, the complaint states that this Court has "jurisdiction and venue over this matter pursuant to Section 603-21.5 and 603-36 of the Hawaii Revised Statutes." Complaint at 1. Because these provisions apply only to claims brought in the courts of the State of Hawaii, and not the United States Courts, they are inapplicable here and do not establish this Court's authority to hear Plaintiff's claims.

Instead, Plaintiff appears to assert a state law claim relating to title to real property that does not arise under the Constitution or laws of the United States. Accordingly, this Court does not have federal question subject matter jurisdiction under 28 U.S.C. § 1331. Nor does the Court have diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and several of the defendants appear to be citizens of the State of Hawaii. *See Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Accordingly, Plaintiff fails to establish this Court's subject matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

Moreover, to the extent Plaintiff seeks to collaterally attack orders or procedural rulings in the state court case, this federal court is without jurisdiction to review the state court's decisions. Plaintiff seeks an order from this Court that would effectively overrule the final judgment issued in the state court case. This Court, however, may not exercise appellate jurisdiction over state court decisions. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413

(1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.

The Court recognizes that the *Rooker-Feldman* doctrine does not apply to a general constitutional challenge that does not require review of a final state court decision in a particular case. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). But Plaintiff does not bring such a challenge here. Rather, this action is essentially an attempt by Plaintiff to have this Court review and overturn the state court decision. The Court is without jurisdiction to act upon such a request.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed.R.Civ.P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012). Where the Court does not have federal subject matter jurisdiction, claims may be dismissed *sua sponte*. *Franklin*, 745 F.2d at 1227 n.6; Fed.R.Civ.P. 12(h)(3). Having screened the complaint, the Court DISMISSES it and DENIES Plaintiff's Application as moot. Plaintiff is GRANTED leave to file an amended complaint as follows:

If Plaintiff chooses to file an amended complaint, he is CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction. Plaintiff should also clearly alleged the following: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the name of the defendant who violated that right; (3) exactly what that defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (5) what specific injury Plaintiff suffered because of that defendant's conduct. *See Rizzo v. Goode,* 423 U.S. 362, 371–72 (1976). Plaintiff must repeat this process for each person or entity that she names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he

suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original complaint by reference. Any cause of action not raised in the first amended complaint is waived. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987).

## **CONCLUSION**

On the basis of the foregoing, the Court DISMISSES the complaint and DENIES Plaintiff's Application as moot. Plaintiff is GRANTED LEAVE TO AMEND his Application and complaint as set forth in this Order. By **June 6, 2014**, Plaintiff must:

1. File the first amended complaint; and
2. Either file an amended application to proceed *in forma pauperis* or pay the filing fee.

Plaintiff is CAUTIONED that failure to properly comply with both of these requirements by **June 6, 2014** will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI'I, May 8, 2014.



Derrick K. Watson
United States District Judge

---

David Shinn v EWM Enterprises, LP. *et al.*; Civil No 14-00208 DKW-KSC; ORDER DISMISSING COMPLAINT AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS