IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID SHINN,<br><br>　　Plaintiff,<br><br>　vs.<br><br>EWM Enterprises, LP., *et al.*<br><br>　　Defendants. | CIVIL NO. 14-00208 DKW-KSC<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On May 1, 2014, Plaintiff pro se David Shinn filed a complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). On May 8, 2014, the Court entered an Order dismissing the complaint with leave to amend and denying the Application as moot. On June 4, 2014, Shinn filed a First Amended Complaint, which again fails to set forth plausible grounds for this Court's subject matter jurisdiction. The First Amended Complaint asserts claims against EWM Enterprises, LP and EWM Investments, LLC (collectively "EWM"), several attorneys and the law firm Carlsmith Ball, LLP ("Carlsmith Defendants"), C. Brewer and Co., Mauna Kea Agribusiness Co.,

1

Hutchison Sugar Plantation Co., Hawaii Pacific Brokers, LLC, and the President of the United States.

## STANDARD OF REVIEW

Plaintiff is proceeding pro se, and, therefore, the Court liberally construes his pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Nevertheless, the Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."). Claims may also be dismissed *sua sponte* where the Court does not have federal subject matter jurisdiction. *Franklin v.*

*Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984); *see also* Fed. R. Civ. P. 12(h)(3); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) ("[I]t is the obligation of both the district court and counsel to be alert to jurisdictional requirements.").

## DISCUSSION

Upon review of the First Amended Complaint and documents attached thereto, the Court finds that Plaintiff again fails to establish this Court's subject matter jurisdiction to hear this dispute. Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). The First Amended Complaint states that:

> This court has jurisdiction pursuant to 28 U.S.C. § 1332 + 1331; EWN Enterprises LP is a Nevada Corporation whose address is; and the real property that is the subject of this complaint, Land Commission Award 9971 to W.P. Leleiohoku, is situate on the Island of Hawaii in the District of Ka'u in the Hawaiian Islands Ko Hawaii Nei Pae Aina and this conflict arising under the constitution, laws, and treaties of the United States of America.

First Amended Complaint at 2.

First, a plaintiff properly invokes federal question jurisdiction by pleading a "colorable claim arising under the Constitution or laws of the United

States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Here, Plaintiff claims that the United States Executive Branch and the President of the United States are "responsible for the enforcement of all agreements made between Liliuokalani Queen of the Kingdom of the Hawaiian Islands KHPA and the President of the United States of America currently Barrack Obama." First Amended Complaint at 3. Plaintiff cites the "continuing willful illegal occupation," and the alleged "[f]ailure of the President of USA to comply respect enforce and abide by the LEA and end the unlawful occupation of the KHJ." First Amended Complaint at 4. He seeks an "order requiring the President of the United States of America to abide enforce, comply and respect the Liliuokalani Executive agreement." First Amended Complaint at 4.

Plaintiff lacks a colorable federal claim. A claim is not colorable if: (1) the alleged claim under the Constitution or federal statutes appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682 (1946). It is well settled that this district court does not have jurisdiction to hear claims challenging the legality of the overthrow of the Kingdom of Hawaii because such claims present nonjusticiable political questions. *See, e.g., Sai v. Clinton*, 778 F. Supp. 2d 1 (D.D.C. 2011), aff'd sub. nom., *Sai v. Obama*, 2011 WL 4917030

(D.C. Cir. Sept. 26, 2011); *Williams v. United States*, 2008 WL 5225870 (D. Haw. Dec. 15, 2008) (holding that the court lacked jurisdiction over an inmate's civil rights claims challenging the legality of the overthrow of the Kingdom of Hawaii and Hawaii's admission as a state to the United States); *Algal Partners, L.P. v. Santos*, 2014 WL 1653084, at *2-3 (D. Haw. Apr. 23, 2014) (adopting reasoning in *Williams* to decline jurisdiction over assertion that "the Hawaiian Kingdom continues to exist and is under a prolonged and illegal occupation by the United States"). *See also State v. French*, 883 P.2d 644, 649 (Haw. App. 1994) ("[P]resently there is no factual (or legal) basis for concluding that the [Hawaiian] Kingdom exists as a state in accordance with recognized attributes of a state's sovereign nature.") (internal quotations omitted). Accordingly, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1331.

Second, diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff and several of the defendants appear to be citizens of the State of Hawaii. Although the First Amended Complaint states that EWM Enterprises LP is a Nevada corporation, his certificate of service shows that the Carlsmith Defendants, C. Brewer and Co., Mauna Kea Agribusiness Co., Hutchison Sugar Plantation Co.,

Hawaii Pacific Brokers, LLC, Avery Chumbley and Beverly Crudele were served via mail at their addresses in the State of Hawaii. Plaintiff fails to establish that these individuals and corporations are not citizens of the same state as Plaintiff.[1] *See Exxon Mobil Corp. v. Allapattah Servs.,* 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Accordingly, Plaintiff fails to establish this Court's subject matter jurisdiction pursuant to 28 U.S.C § 1332.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a case must be dismissed for lack of subject matter jurisdiction when the Court lacks a constitutional or statutory basis to adjudicate the controversy. Fed. R. Civ. P. 12(b)(1); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012). Where the Court does not have federal subject matter jurisdiction, claims may be dismissed *sua sponte*. *Franklin*, 745 F.2d at 1227 n.6; Fed. R. Civ. P. 12(h)(3). As discussed above, Plaintiff fails to establish this Court's subject matter jurisdiction. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)

---

[1] The Court takes judicial notice of the corporate defendants' status as partnerships or corporations incorporated in Hawaii, as noted in regulatory filings publicly available on the website of the State Department of Commerce and Consumer Affairs, http://cca.hawaii.gov/breg.

("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."). His claims are therefore dismissed.

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Further, "requests for leave should be granted with extreme liberality." *Moss v. U.S. Secret Service*, 572 F.3d 962, 792 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." *Id.* However, "liberality in granting leave to amend is subject to several limitations." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Those limitations include undue prejudice to the opposing party, futility, and undue delay. *Id.* The district court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.*

Here, the Court declines to grant Plaintiff another opportunity to amend because amendment would be futile. Despite being given a second chance and detailed instruction from the Court on pleading subject matter jurisdiction, Plaintiff has failed to plausibly allege this Court's subject matter jurisdiction. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it

appears amendment would be futile.); *see also Leadsinger, Inc. v. BMG Music*, 512 F.3d 522, 532 (9th Cir. 2008) (reiterating that a district court may deny leave to amend for, among other reasons "repeated failure to cure deficiencies by amendments previously allowed . . . [and] futility of amendment"). Nor does it appear, based on the nature of Plaintiff's claims and the parties, that Plaintiff can overcome the jurisdictional hurdle. Accordingly, the Court, in its discretion, declines to provide Plaintiff another opportunity to amend. *See Leadsinger, Inc.*, 512 F.3d at 532 (denying leave to amend because of "repeated failure to cure deficiencies").

## CONCLUSION

On the basis of the foregoing, the Court DISMISSES the First Amended Complaint and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: June 12, 2014, at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*David Shinn v. EWM Enterprises, LP., et. al.*,; Civ 14-00208 DKW-KSC; ORDER DISMISSING CASE